## Peter Hofstetter v. Nelson D. Gash.

1. CONTRACTS—*Quitting Service in the Midst of the Term Without Being Discharged and Without any Reasonable Excuse for Quitting.*— Plaintiff contracted with defendant to work for him nine months at $25 per month at farm labor, and quit the service in the midst of the term without being discharged and without any reasonable excuse for quitting, and sued for the wages earned by him during the time he served the defendant. *Held*, that the contract was an entire one and was broken by the plaintiff and he has no cause of action therefor.

2. SAME—*What Plaintiff Must Show to Recover Under an Entire Contract When He Has Quit the Service During the Term.*—Where the contract between the parties is an entire one, to entitle plaintiff to recover it must appear from the evidence that he was discharged by defendant without reasonable cause, or had a reasonable excuse for quitting his employ.

Assumpsit.—Appeal from the Circuit Court of Henry County; the Hon. HIRAM BIGELOW, Judge presiding. Heard in this court at April term, 1902. Reversed. Opinion filed July 18, 1902. Rehearing denied October 9, 1902.

EMERY C. GRAVES, attorney for appellant.

HARRY E. BROWN, attorney for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

Nelson D. Gash began work for Peter Hofstetter on March 1, 1901, as a farm hand, under a contract to work for nine months from that time, at $25 per month. After working until August 3d of the same year he quit work, demanded his pay, served notice and brought suit against Hofstetter before a justice of the peace of Henry county to recover compensation for the time he had worked. Trial resulted in a judgment in favor of Gash. Hofstetter appealed to the Circuit Court where a trial also resulted in a second judgment against him. He brings the case to this court by appeal.

The contract between the parties was an entire one and to entitle plaintiff to recover it must appear from the evidence that he was discharged by defendant without

reasonable cause or had a reasonable excuse for quitting his employ. The evidence fails to show either. The plaintiff was troubled with catarrh. On the day he quit the defendant had threshers and directed the plaintiff to go upon the stack to take care of the straw. The plaintiff refused to do the work. On his direct examination he testified that he told the defendant that it was because the dust affected his catarrh. On cross-examination he said he did not tell the defendant so at that time but that the defendant knew of his catarrh and he had frequently told him he would not stack straw. The defendant testified that the plaintiff gave no reason for refusing to do the work assigned to him and there is other proof in the record tending to corroborate his statement.

Assuming the plaintiff's first statement to be correct, that he did give that reason, yet the defendant never threatened to, nor, in fact, did discharge him. He told him he might see if any of the other men would change work with him, but that he had no other work to do that day except the threshing. Thereupon the plaintiff quit the employ of the defendant. The fact that the plaintiff furnished the defendant nothing else to do at the thresher that day did not justify the latter in leaving. He quit because the defendant did not assign him some other work at the thresher. In our judgment plaintiff had no sufficient excuse for leaving. He remained away for four days and then returned for the purpose of serving a demand for his wages, so as to lay a foundation for attorneys' fees, under the statute. He brought a witness with him, and then asked the defendant if he would take him back. The defendant told him he needed him very much, but he wanted the contract reduced to writing. He did not ask for any change in its terms or any new conditions. Plaintiff declined to work under these conditions. Nothing in that interview gave him a cause of action. Judgment of the Circuit Court will be reversed.

**Finding of facts** to be incorporated in the judgment:
We find from the proof that there was a contract

between appellee and appellant by which appellee was to work for appellant nine months at $25 per month, at farm labor; that appellee quit appellant's service in the midst of the term without being discharged and without any reasonable excuse for quitting; that this suit is for the wages earned by appellee during the time he served appellant; that the contract was an entire one, and has been broken by appellee, and he has no cause of action therefor.